<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

———————————————————
                                          )
RALPH MCCULLOUGH,                         )
                                          )
            Plaintiff,                    )
                                          )        Civil Action No. 07-5341 (GEB)
      v.                                  )
                                          )        **MEMORANDUM OPINION**
TRENTON BOARD OF EDUCATION,               )
RAUL SANCHEZ, and BEE JAY                 )
COOPER,                                   )
                                          )
            Defendants.                   )
———————————————————

<u>**BROWN, Chief Judge**</u>

        This matter comes before the Court upon the motion for summary judgment filed by

Defendants Trenton Board of Education, Raul Sanchez, and Bee Jay Cooper (collectively

"Defendants").  (Doc. No. 21.)[1]  The Court has reviewed the parties' submissions and decided

the motion without oral argument pursuant to Federal Rule of Civil Procedure 78.  For the

reasons that follow, the Court will dismiss Count I and Count III of the complaint and grant

Defendants' motion summary for judgment as to Count II.


## I.      BACKGROUND

        Plaintiff was hired by the Trenton Board of Education in June of 1997 as a facilities

_____

        [1] While the docket indicates that there is also <u>pro se</u> Plaintiff's motion to dismiss pending
(Doc. No. 22), the Court will treat that filing as an opposition to the motion for summary
judgment and terminate it accordingly.  <u>See</u> <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972) (finding
it appropriate that more lenient standards be applied to <u>pro se</u> plaintiffs).

custodian.  (Compl. ¶ 6; Doc. No. 1.)  He served in that capacity and in several different schools throughout Trenton until tenure charges were brought against him in 2000 ("initial tenure charges").  The initial tenure charges were brought in front of the Honorable Joseph F. Martone, Administrative Law Judge ("ALJ") for adjudication.  (Id. at ¶ 10.)  Ultimately, Judge Martone dismissed the initial tenure charges for lack of evidence in 2002.  (Id.)  Therefore, in light of Plaintiff's successful defense, he was awarded monetary damages for lost wages and reinstated as a facilities custodian.  (Id.; Pl.'s Dep. 53-54; Doc. No. 21-2).

Plaintiff resumed as a facilities custodian at the St. Stanislaus building under the supervision of Even Collins, head of the buildings and grounds department, and under Raul Sanchez, then Interim Principle for the Trenton Board of Education.  (Compl. ¶¶ 4, 5; Doc. No 1; Pl.'s Dep. 54; Doc. No. 21-3).  After beginning at St. Stanislaus, Plaintiff received two complaints from teachers claiming their classrooms had not been cleaned properly.  (Id. at 55.)  Plaintiff denied that it was his responsibility to clean those classrooms.  (Id.) He then received a typed list of duties from his immediate supervisor, Bee Jay Cooper.  (Id. at 57, 60.)  After receiving this list, Plaintiff asserted that this list comprised the duties of both he and Mr. Cooper and argued all of the custodial duties for the St. Stanislaus building were being pushed onto him.  (Id. at 58.)  Plaintiff then accused Mr. Cooper of lying about the teachers' complaints.  (Id. at 62-64.) Finally, Plaintiff left work without permission.  (Id.)

A meeting to discuss Plaintiff's concerns was held on January 23, 2003.  (Id. at 62.)  Present at the meeting were Plaintiff, Mr. Sanchez, Mr. Cooper, Mr. Collins, and Ms. Harris who was the principle of the Daylight/Twilight Program housed at St. Stanislaus.  (Id. at 65-66.)  Plaintiff felt those present at the meeting were trying to antagonize him and make him angry. (Id.

2

at 68.)  Mr. Sanchez, Mr. Cooper, Ms. Harris, and Mr. Collins subsequently testified at the tenure hearing that Plaintiff was irate, uncooperative, and threatening at the January 23rd meeting.  (ALJ Op. 3-11, January 5, 2005; Doc. No. 21-4.)  Plaintiff admitted, during his testimony, to suggesting that his stress made him capable of violent behavior.  (Id. at 28.)  After Plaintiff left the January 23rd  meeting, the police were summoned and the four others present gave a statement.  (Id. at 10.)  Tenure charges were instituted against the Plaintiff on August 29, 2003.  (Compl. ¶ 14; Doc. No. 1.)

The charges were brought before the Honorable Jeff S. Masin, ALJ for adjudication; he concluded that Plaintiff's conduct during the meeting was unbecoming for a public employee.  (ALJ Op. 30-31, January 5, 2003; Doc. No. 21-5.)  Further, Judge Masin concluded that Plaintiff's "rude" and "abrasive" demeanor, in addition to testimony from two medical doctors expressing concern over Plaintiff's emotional and mental stability,  justified his termination.  (Id. at 31.)  The Commissioner of Education affirmed the termination on February 17, 2006.  (Commissioner of Education Op.; Doc. No. 21-3.)  Plaintiff contends, however, that Defendants used "unethical, unsavory, and insidious methods" in retaliation to his defense to the initial tenure charges.  (Compl. ¶ 16; Doc. No. 1.)  These actions, claim the Plaintiff, created an "environment patently non-conducive" to his employment.  (Id. at ¶ 15.)  He further alleges that Defendants' actions and his termination were a breach of the settlement agreement drafted after the initial tenure charges.  (Id. at ¶ 11.)

Plaintiff, in his complaint filed on November 11, 2007, states first that Defendants subjected him to employment discrimination under 42 U.S.C. §§ 1981, 1983 et seq. (Compl. ¶ 17; Doc. No. 1.)  He also claims in Count II that he suffered Employer Retaliation under Title

VII, 42 U.S.C. §§ 1981, 1983 et seq.  (Id. ¶ 18.)  In Count III, Plaintiff states a claim for breach of contract.  (Id. ¶ 19.)

Defendants filed an answer to the complaint on April 15, 2008 and subsequently moved for summary judgment on August 18, 2009.  (Doc. Nos. 7, 21.)  Plaintiff submitted a brief in opposition to Defendants' motion for summary judgment on September 11, 2009.[2]  (Doc. No. 22.)  Defendants' reply, in the form of a letter, was filed September 30, 2009. (Doc. No. 23.)  On October 21, 2009, Plaintiff addressed a letter to the Court again asking that the Defendants' motion be denied. (Doc. No. 24.)[3]

## II.    DISCUSSION

### A.    Employment Discrimination Claim

#### 1.    Standard of Review ("Count I")

A sua sponte dismissal may stand even if the plaintiff is not provided notice and an opportunity to respond where it is clear that the plaintiff cannot prevail and that any amendment would be futile.  Bethea v. Nation of Islam, 248 Fed. App'x 331, 333 (3d Cir. 2007).  A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court finds that the plaintiff has failed to set forth fair notice of what the claim is and the grounds upon which it rests.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)

---

[2]  See note 1, supra.

[3]  The Court notes that this letter constitutes an improper sur-reply, which the Court will nonetheless consider. See Loc. Civ. Rule 7.1 (d)(6).

(citing Conley v. Gibson, 355 U.S. 41, 47 (1957)).  A complaint will survive a motion to dismiss if it contains sufficient factual matter to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Twombly, 550 U.S. at 570).  The plausibility standard requires that "the plaintiff plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged" and demands "more than a sheer possibility that a defendant has acted unlawfully."  Id. (citing Twombly, 550 U.S. at 556).  Although a court must accept as true all factual allegations in a complaint, that tenet is "inapplicable to legal conclusions," and "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  Id. (citing Twombly, 550 U.S. at 555); see also Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008).  In evaluating a motion to dismiss, a court may consider only the complaint, exhibits attached to the complaint, matters of public record, and undisputedly authentic documents if the complainant's claims are based upon those documents.  See Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993).

In the present case, Plaintiff appears pro se.  As such, the Court must apply a more liberal standard of review to Plaintiff's claims.  Haines v. Kerner, 404 U.S. 519, 520 (1972);  see also United States ex. rel Montgomery v. Brierley, 414 F.2d 552 (3d Cir. 1969) (stating that pro se petitions should be liberally construed); Wade v. Yeager, 377 F.2d 841, 846 (3d Cir. 1967) (recognizing that a petition made without the benefit of counsel must be read with a measure of tolerance).

2.      **Application**

Under Title VII, it is an unlawful employment practice to "discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. 2000e(a)(1) (2006).  A prima facie case of employment discrimination must include a showing that: (1) the plaintiff belongs to a protected class; (2) he was performing at a level that met the employer's legitimate expectations; (3) despite his qualifications, he was terminated; and (4) that, after his termination, the position remained open and the employer continued to seek applicants from persons of complainant's qualifications. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-04 (1973); see also Sarullo v. U.S. Postal Serv., 352 F.3d 789, 797-98 (3d Cir. 2003); Abramson v. William Paterson College, 260 F.3d 265, 281-82 (3d Cir. 2001).

Here, Plaintiff's complaint fails on its face on two separate grounds. First, it does not establish the first element of a Title VII employment discrimination claim.  Plaintiff nowhere states in his complaint or opposition brief that he is part of a protected class.  Second, Plaintiff has failed to exhaust all administrative remedies with respect to allegations of employment discrimination and is thus precluded from bringing this claim for judicial relief.  See McKart v. United States, 395 U.S. 185, 203 (1969).  Title VII plaintiffs filing in deferral states, such as New Jersey, must submit their administrative discrimination charge within 300 days of the challenged employment action.  See 42 U.S.C. § 2000e-5(e)(1); Watson v. Eastman Kodak Co., 235 F.3d 851, 854 (3d Cir. 2000).  Since approximately seven years have passed since the alleged employment discrimination, allowing leave to amend the complaint would be futile.  Therefore,

6

the Court will dismiss Count I of the complaint with prejudice.

### B.    Retaliation Claim ("Count II")

Plaintiff alleges that his 2003 termination constituted unlawful retaliation under Title VII to his successful defense of the initial tenure charges brought against him in 2000.  (Compl. ¶ 16; Doc. No 1.)  Defendants maintain that Plaintiff's termination was based on legitimate reasons, including, inter alia, Plaintiff's threatening words to superiors.

### 1.    Standard of Review

A party seeking summary judgment must "show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Hersh v. Allen Prods. Co., 789 F.2d 230, 232 (3d Cir. 1986).  The threshold inquiry is whether there are "any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986) (noting that no issue for trial exists unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict in its favor).  In deciding whether triable issues of fact exist, the court must view the underlying facts and draw all reasonable inferences in favor of the non-moving party. Matsushita Elec. Indus. Co., v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Pa. Coal Ass'n v. Babbitt, 63 F.3d 231, 236 (3d Cir. 1995); Hancock Indus. v. Schaeffer, 811 F.2d 225, 231 (3d Cir. 1987).  Again, because the Plaintiff is pro se, the Court must apply a more liberal standard of review.

7

### 2.    Application

Title VII makes it an unlawful employment practice "for an employer to discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by this title . . . or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this title . . . ."[4] 42 U.S.C. § 2000e-3(a)(1).  Retaliation claims, like Title VII claims of employment discrimination, are analyzed under the three-step, burden-shifting framework of McDonnell Douglas v. Green, 411 U.S. 792 (1973). See Woodson v. Scott Paper Co., 109 F.3d 913, 920 (3d. Cir. 1997).

First, to establish a prima facie case of retaliation, a plaintiff must show that: (1) he engaged in a protected employee activity; (2) his employer took adverse employment action; and (3) a causal link exists between the employee's protected activity and the employer's adverse action.  Shellenberger v. Summit Bancorp, 318 F.3d 183, 187 (3d Cir. 2003) (citing Krouse v. Am. Sterilizer Co., 126 F.3d 494, 500 (3d Cir. 1997)).  Second, if the plaintiff establishes these three elements, the burden shifts to the defendant-employer to advance a legitimate, non-retaliatory reason for the adverse employment action.  Id.  Third, if the employer advances such a

---

[4] Ordinarily, a plaintiff may not bring a Title VII retaliation claim under 42 U.S.C. § 1983.  The Supreme Court has held that the exclusive remedy for a §704(a) violation is through Title VII.  Great Am. Fed. Sav. & Loan Ass'n v. Novotny, 442 U.S. 366, 378 (1979). Retaliation is a claim created by Title VII and is not recognized under constitutional principles. Bair v. City of Atlantic City, 100 F. Supp. 2d 262, 267, n.3 (D.N.J. 2000).  Plaintiff's retaliation claims under § 1983 should be dismissed as a matter of law. See Hanani v. New Jersey, 2005 U.S. Dist. LEXIS 43969 at, *2-21 (D.N.J. May 25, 2005).  The Plaintiff alleges retaliation in violation of 42 U.S.C. §§ 1981, 1983 et seq. (Compl. ¶ 6.)  However, Plaintiff has consistently labeled his claim as a Title VII retaliation claim, and both parties have proceeded on this premise.  Therefore, this Court shall address the retaliation claim as if it were brought under Title VII.

reason, the burden shifts back to the plaintiff to prove that "retaliatory animus played a role in the employer's decision-making process and that it had a determinative effect on the outcome of that process." Id.

A plaintiff in a Title VII retaliation claim must exhaust administrative remedies in order to be able to file a civil action in district court. "It is a basic tenet of administrative law that a plaintiff must exhaust all required administrative remedies before bringing a claim for judicial relief." Robinson v. Dalton, 107 F.3d 1018, 1020 (3d Cir. 1997). Title VII requires that a charges of unlawful employment practices, including retaliation claims, first be filed with the Equal Employment Opportunity Commission ("EEOC") within 180 days of the discrimination. 42 U.S.C. § 2000e-5(e)(1). The EEOC serves notice of the charge upon the employer and then has 180 days to investigate the charges. Id. at § 2000e-5(f)(1); see also Occidental Life Ins. Co. v. EEOC, 432 U.S. 355, 359 (1977). After 180 days of investigation, if the EEOC has not resolved the charges, it must notify the complainant with a "right-to-sue" letter. 42 U.S.C. § 2000e-5(f)(1). This letter indicates that the plaintiff has exhausted all administrative remedies. See Burgh v. Borough Council of the Borough of Montrose, 251 F.3d 465, 470 (3d. Cir. 2001) (citing Anjelino v. N.Y. Times Co., 200 F.3d 73, 93 (3d. Cir. 1999)). The purpose of this framework is to "resolve discrimination claims administratively through cooperation and voluntary compliance." Burgh, 251 F.3d at 470.

Here, Plaintiff has neither provided a "right-to-sue" letter nor demonstrated that he filed any charges whatsoever with the EEOC concerning his employer retaliation allegation. As he has failed to abide by the framework set forth in 42 U.S.C. § 2000e-5, Plaintiff has not exhausted all administrative remedies and therefore cannot bring a claim in this Court under Title VII.

Therefore, the Court will grant summary judgment in favor of the Defendants on Count II.


**C.      Contract Claim ("Count III")**

The Court, having dismissed Count I with prejudice and granted summary judgment on Count II in favor of Defendants, will not exercise supplemental jurisdiction under 28 U.S.C. § 1367 over Count III.  A District Court, pursuant to 28 U.S.C. § 1367(c)(3), "may decline to exercise supplemental jurisdiction over a claim . . . if . . . (3) the district court has dismissed all claims over which it has original jurisdiction."  Edlin Ltd. v. City of Jersey City, No. 07-3431, 2008 U.S. Dist. LEXIS 41118, at *24 (D.N.J. May 23, 2008) (citing Atkinson v. Olde Economie Fin. Consultants, Ltd., No. 05-772, 2006 U.S. Dist. LEXIS 54289, at *5 (W.D. Pa. Aug. 4, 2006)).  This determination is discretionary and "[t]he general approach is for a district court to . . . hold that supplemental jurisdiction should not be exercised when there is no longer any basis for original jurisdiction." Id.; see also City of Chicago v. Int'l Coll. of Surgeons, 522 U.S. 156, 172 (1997) ("pendent jurisdiction 'is a doctrine of discretion, not of plaintiffs right,' and that district courts can decline to exercise jurisdiction over pendent claims for a number of valid reasons") (citing United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966)).  As the Court will dismiss Count I and enter summary judgment in favor of the Defendants on Count II – claims over which this Court has original jurisdiction – it shall decline to exercise supplemental jurisdiction over Plaintiff's contract claim. Therefore, the Court will dismiss Count III.

**III. CONCLUSION**

For the reasons above, the Court will dismiss Count I of the Plaintiff's complaint with prejudice, grant Defendants' motion for summary judgment on Count II, and decline to exercise supplemental jurisdiction over Count III.  An appropriate form of order accompanies this opinion.

Dated: March 2, 2010

                                                     s/ Garrett E. Brown, Jr.
                                                  GARRETT E. BROWN, JR., U.S.D.J.